Ahren A. Tiller, Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: ahren.tiller@blc-sd.com

Attorneys for Plaintiff
TIMOTHY DAWSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAWSON,<br><br>Plaintiff,<br><br>vs.<br><br>ONEMAIN CONSUMER LOAN, INC.; AND ONEMAIN FINANCIAL GROUP, LLC<br><br>Defendants, | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. TIMOTHY DAWSON (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against ONEMAIN CONSUMER LOAN, INC.; and ONEMAIN FINANCIAL GROUP, LLC (hereinafter collectively referred to as "OneMain" or "Defendants") pertaining to actions by

Defendants to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [CAL. CIV. CODE §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The Telephone Consumer Protections Act (hereafter "TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13.  See also,

---

[1] CA Civil Code §§ 1788.1(a)-(b)

*Mims,* 132 S. Ct., at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

7. This action is based upon Defendants' violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section 227, *et seq.*

8. This Court has jurisdiction over Defendants, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because

all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of Ventura, California.  Furthermore, Defendant regularly conducts business within State of California, County of Ventura, and Plaintiff resides in Ventura County, California.

## PARTIES

11. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of Ventura, in the State of California.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing by Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

13. On information and belief, Plaintiff alleges that Defendant OneMain Consumer Loans Inc. is, and at all times mentioned herein, was a Delaware corporation headquartered in Evansville, Indiana and doing business throughout the country, including this District.  OneMain Consumer Loans Inc. is, and at all times mentioned herein, was a foreign corporation doing business within the State of California.

14. On information and belief, Plaintiff alleges that Defendant OneMain Financial, LLC, is, and at all times mentioned herein, was a Delaware Limited Liability Company headquartered in Evansville, Indiana and doing business throughout the country, including this District.  Defendant OneMain Financial, LLC, is, and at all times mentioned herein, was a foreign corporation doing business within the State of California.

15. On information and belief, Defendants both are wholly-owned subsidiaries of OneMain Holdings, Inc., one the largest consumer lending businesses in the nation.

16. On information and belief, Defendants are the subsidiary entities that

OneMain Holdings, Inc., does business under in California.

17. On information and belief, Plaintiff alleges that Defendants' primary business operations are the issuance of unsecured and secured consumer loans and similar extensions of credit, and the collection of amounts due and owing on those accounts.

18. On information and belief, Defendants share physical locations, management, and overlapping business such that they are in essence indistinguishable aside from name and formal structure.

19. On information and belief, Defendants regularly engage through the course of their business in collection activities to collect consumer debts owed to them.

20. On information and belief, a significant portion of both of the Defendants' business operations are dedicated to collecting debts, primarily unsecured and secured consumer loans and similar extensions of credit. Part of the Defendants' regular business practices are to make repeated phone calls to persons they believe responsible for paying past-due debts in order to collect on said consumer debts.

21. On information and belief, Defendants are, and at all times mentioned herein, were each corporations and "persons," as defined by 47 U.S.C. § 153(39).

22. Defendants regularly attempt to collect on "consumer debts" owed them, as that term is defined by Cal. Civ. Code §1788.2(f), through the use of the mails, electronic communication, and the telephone. Therefore, Defendants are each "debt collectors" as that term is defined by Cal. Civ. Code §1788.2(c), and engage in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

23. On information and belief, at all times relevant hereto, Defendants used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff using an automated or prerecorded voice ("Recorded Voice") as that term is

defined in 47 U.S.C. § 227(b)(1)(A).

24. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Therefore, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

25. Plaintiff incorporates by reference and realleges Paragraphs 1-24 above as if fully stated herein.

26. On or about November of 2017, Plaintiff took out an unsecured personal consumer retail installment loan with OneMain ("Subject Loan").

27. Plaintiff maintained regular monthly payments owed to OneMain for the Subject Loan, but eventually fell on financial hardship, and was unable to maintain his monthly payments to OneMain.

28. Upon going into default, agents for OneMain called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often calling multiple times in a single day.

29. On multiple occasions, agents for OneMain left Pre-Recorded Automated Voice messages for Plaintiff to call OneMain.

30. Plaintiff sought out and retained an attorney to represent him with regards to the debt that OneMain was collecting on.

31. On October 2, 2018, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by OneMain. The letter contained Plaintiff's name and a partial account number for identification (hereinafter referred to as: "Cease and Desist Letter No. 1").

32. Plaintiff's Counsel sent Cease and Desist Letter No. 1 to Defendants on October 2, 2018 via facsimile.

33. Despite receiving Cease and Desist Letter No. 1, OneMain continued to call

Plaintiff incessantly.

34. On November 20, 2018, Plaintiff's Counsel drafted a second Cease and Desist Letter to OneMain ("Cease and Desist Letter No. 2"). In Cease and Desist Letter No. 2, Plaintiff's Counsel provided OneMain with Plaintiff's name and the last 4 digits of his social security number.

35. Similar to the previous Cease and Desist Letter, Cease and Desist Letter No. 2 again expressly stated that Plaintiff was represented by Counsel and that pursuant to Cal. Civ. Code § 1788.14(c), OneMain should have ceased all direct communication with Plaintiff. Additionally, Cease and Desist Letter No. 2 again revoked any alleged consent given by Plaintiff to be contacted by an ATDS and/or Recorded Voice.

36. Plaintiff's Counsel sent Cease and Desist Letter No. 2 to OneMain via a third party mailing service known as Docsmit!

37. Docsmit! records reflect that on November 20, 2018 Cease and Desist Letter No. 2 was mailed to Defendants at:

> OneMain Financial
> 601 NW 2nd St., #300
> Evansville, IN 47708

38. The address that Plaintiff's Counsel mailed the Cease and Desist Letter No. 2 to matches the headquarters and principal executive offices listed by OneMain in its most recent 10K filing with the Securities and Exchange Commission.

39. OneMain received the mailed copy of Cease and Desist Letter No. 2 via U.S. Mail.

40. Despite receipt of Cease and Desist letter No. 2 via U.S. Mail, OneMain continued to call Plaintiff via the use of an ATDS and/or Recorded Voice.

41. Despite receipt of two (2) separate Cease and Desist Letters, one by facsimile and one more by U.S. mail, OneMain continued to incessantly call Plaintiff on his cellular telephone, often multiple times per day to collect on its claim.

42. OneMain, or its agents or representatives, have contacted Plaintiff on his

*Dawson v. OneMain Consumer Loan, Inc. et. al., - Complaint for Damages*

cellular telephone over one-hundred (100) times since October 2, 2018, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

43. Despite receipt of two (2) separate letters sent via facsimile and by mail, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, OneMain continues to contact Plaintiff repeatedly to date.

44. On information and belief, these collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

45. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called Plaintiff at certain times from random numbers, usually multiple times a day with varying call times.

46. Many of OneMain's calls to Plaintiff after receiving Cease and Desist Letters Nos. 1-2 contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

47. The multiple calls made by OneMain or its agents after October 2, 2018 were therefore made in violation of 47 U.S.C. § 227(b)(1).

48. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

49. Plaintiff has received so many collection calls by OneMain that his voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of his cellular telephone plan.

50. Upon information and belief, OneMain regularly makes autodialed telephone

calls with Recorded Voices in order to collect on past due debts owed to them.

51. Upon information and belief, OneMain's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

52. Upon information and belief, the telephone equipment used by OneMain to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

53. OneMain's collection calls to Plaintiff described herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

54. OneMain's collection calls to Plaintiff described herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

55. OneMain placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

56. OneMain's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that OneMain repeatedly interrupted Plaintiff with unwanted calls using an ATDS and/or Recorded Voice for collection purposes.

57. Through OneMain's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

58. OneMain's calls forced Plaintiff to live without the utility of his cellular phones by occupying his cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

59. As a result of OneMain's relentless and harassing collection calls and letters, Plaintiff has experienced anger and disbelief, and feelings of powerlessness,

which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

60. These calls have consumed him day and have caused a severe disruption to Plaintiff's life, due to the extreme frequency of calls by OneMain.

61. As a direct and proximate result of the aforementioned harassment committed by OneMain, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT**

**(CAL. CIV CODE § 1788.14(c))**

AS TO ALL DEFENDANTS

62. Plaintiff realleges and incorporates by reference Paragraphs 1 through 61, inclusive, as if fully set forth.

63. Plaintiff's Counsel sent Cease and Desist Letters No. 1 via facsimile to OneMain and also sent Cease and Desist Letter No. 2 to OneMain via U.S. Mail.

64. Therefore, OneMain was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding these debts.

65. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be

> addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

66. By calling Plaintiff over one-hundred (100) times since receipt of Cease and Desist Letters Nos. 1, and 2, sent by facsimile and then US Mail, OneMain violated Cal. Civ. Code §1788.14(c).

67. As a result of the constant collection calls from OneMain, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by the OneMain are overwheling. Plaintiff is constantly afraid to answer his phone and he cringes when his phone rings.

68. Therefore, as a direct and proximate result of the unlawful collection efforts by OneMain, Plaintiff suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### (47 U.S.C. § 227 ET. SEQ.)

AS TO ALL DEFENDANTS

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 68, inclusive, as if fully set forth.

70. Through the two (2) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, Plaintiff revoked any alleged consent for OneMain to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

71. The foregoing acts and omissions of OneMain constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

72. As a result of OneMain's negligent violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.
## THIRD CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227 ET. SEQ.)
AS TO ALL DEFENDANTS

74. Plaintiff realleges and incorporates by reference Paragraphs 1 through 73, inclusive, as if fully set forth.

75. Through the two (2) separate Cease and Desist Letters from Plaintiff's Counsel, sent by both facsimile and US Mail, Plaintiff revoked any alleged consent for OneMain to call the Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

76. The foregoing acts of OneMain constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

77. Therefore, since OneMain continued to call Plaintiff despite indisputably being informed to not call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of and ATDS and/or Recorded Voice, OneMain's acts were willful.

*Dawson v. OneMain Consumer Loan, Inc. et. al., - Complaint for Damages*

78. As a result of OneMain's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

79. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants, jointly and severally, respectfully request this Court enter a Judgment against Defendants, jointly and severally, as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls and other debt collection efforts;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendants' over one-hundred (100) negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), totaling in excess of $50,000.00

e. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendants' over one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), totaling in excess of $150,000.00, pursuant to 47 U.S.C. § 227(b)(3)(C).

    g.    For such other and further relief as the Court may deem just and proper.

Dated: October 16, 2019        By:    /s/ Ahren A. Tiller\_\_\_
                                                          Ahren A. Tiller, Esq.
                                                          BLC Law Center, APC
                                                          Attorneys for Plaintiff

*Dawson v. OneMain Consumer Loan, Inc. et. al., - Complaint for Damages*

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: October 16th, 2019        By:    /s/ Ahren Tiller_____
                                        Ahren A. Tiller, Esq.
                                        BLC Law Center, APC
                                        Attorneys for Plaintiff

*Dawson v. OneMain Consumer Loan, Inc. et. al., - Complaint for Damages*